**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-P137-H**

**VERNON GALLOWAY**                                                             **PETITIONER**

**v.**

**UNKNOWN**[1]                                                                **RESPONDENT**

**MEMORANDUM AND ORDER**

      While incarcerated in a jail in Colorado Springs, Colorado, the petitioner initiated this action by filing a confusing and disjointed document referencing both 42 U.S.C. § 1983 and a writ of habeas corpus. He listed no particular defendant or respondent but referenced a 2005 Colorado criminal case and reported an upcoming court appearance. Unclear of the particular type of action that the petitioner was bringing, the Clerk of Court issued a deficiency notice directing the petitioner to fill out the appropriate form. The petitioner completed and returned a form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with an application to proceed without the prepayment of fees. In the form habeas petition, the petitioner advises that he is challenging his February 24, 2006, "incompetent sentencing" in "District Court 16" in Colorado Springs, Colorado. He indicates that he received a twelve-year sentence for first-degree assault. He fails to name a respondent but advises that he is now housed in the Pueblo State Hospital C.M.H.I.P.[2]

---

[1] In the space provided on the court-supplied § 2254 form, Petitioner failed to fill in the name of the authorized person having custody over him. As this Court is clearly an inappropriate forum in which to file this action, the Court will leave further development of this action to the District of Colorado, the transferree court.

[2] A web search reveals that C.M.H.I.P. is an acronym for the Colorado Mental Health Institute at Pueblo. *See* http://www.cdhs.state.co.us/cmhip/index.htm.

Although the petitioner claims that he is challenging a district court judgment, a reading of the record as a whole still causes the Court to question whether the petitioner has actually been convicted, in which case a § 2254 petition is the proper statute under which to bring his action, or whether he is challenging pre-judgment matters, in which case a petition under 28 U.S.C. § 2241 would be the more appropriate statute under which to bring this action. In either event, however, habeas corpus petitions may be brought in the district where the inmate is confined or where the criminal conviction/sentence arose. *See* 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Because the petitioner is in custody in Colorado and is challenging a Colorado criminal matter, the Court will transfer this action to the United States District Court for the District of Colorado for further development. *See* 28 U.S.C. § 85 ("Colorado constitutes one judicial district.").

Accordingly, **IT IS ORDERED** that the instant action is **TRANSFERRED** to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1406(a).

Unless otherwise advised by the District Court of Colorado, the **petitioner is directed to send all future filings with respect to this action to the Clerk, U.S. District Court, Alfred A. Arraj United States Courthouse Room A-105, 901 19th Street, Denver, Colorado 80294-3589**.

Date:

cc:    Petitioner, *pro se*
        Clerk, United States District Court for the District of Colorado
4412.005